**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAIME VINICIO JARA-CHACHA,**<br>**Petitioner,**<br>**v.**<br>**MARKWAYNE MULLIN, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–13432–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Jaime Vinicio Jara-Chacha's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)

1. Petitioner is a citizen of Ecuador and entered the United States on or about July 29, 2021. (ECF No. 5–1 p. 1.)[1]

2. He was encountered at the border and processed for expedited removal. (*Id.* pp. 3, 4.) He was referred to U.S. Citizenship and Immigration Services for a credible fear interview. (*Id.* p. 4.)

3. Petitioner reported to his credible fear interview on October 13, 2026. (*Id.*) He withdrew his credible fear claim and was detained. (*Id.*; ECF No. 5–2 pp. 2, 3.)

4. On October 15, 2026, an immigration officer issued an expedited order of removal to petitioner. (ECF No. 5–4 p. 2.)

5. This Petition followed. (ECF No. 1.)

6. Respondents assert that petitioner is properly detained pursuant to 8 U.S.C. § 1231 because he is subject to a final order of removal. (ECF No. 5 p. 1; ECF No. 5–4 p. 2.)

[1] Respondents' answer and exhibits were filed under seal. I will direct the Clerk to leave Exhibit E under seal as it contains sensitive information (ECF No. 5–5), but the letter and other exhibits shall be unsealed.

7. District courts, with limited exceptions, do not have subject matter jurisdiction "to review … any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. § 1252(a)(2)(A)(i).

8. I may only determine whether petitioner is a noncitizen, whether he was ordered removed pursuant to § 1225(b)(1), and whether he "can prove by a preponderance of the evidence that he is" a noncitizen "lawfully admitted for permanent residence, has been admitted as a refugee … or has been granted asylum … ." 8 U.S.C. § 1252(e)(2)(A)–(C); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

9. Review of whether petitioner was ordered removed is limited to "whether an immigration officer issued that piece of paper and whether the [petitioner] is the same person referred to in that order.'" *Castro*, 835 F.3d at 431 (internal quotation marks omitted).

10. The Notice and Order of Expedited Removal has been filled out and signed by an immigration officer and supervisor. (ECF No. 5–4 p. 2.) An expedited removal order becomes final when it has been reviewed and approved by the appropriate supervisor. 8 C.F.R. § 235.3(b)(7). Pursuant to *Castro*, that is the end of my inquiry.

11. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

12. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

13. The removal order became final on October 15, 2026, putting petitioner well within the 90-day removal period. His detention is currently mandatory.[2]

14. Therefore, I will deny the Petition and lift any restrictions that were imposed on petitioner's location.

Accordingly,

**IT IS** on this **10th** day of **November 2026** **ORDERED** that:

1. The Petition is **DENIED**.

2. The Clerk shall **UNSEAL** ECF Nos. 5, 5–1, 5–2, 5–3, and 5–4. ECF No. 5–5 shall remain **SEALED**.

3. Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

4. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[2] I note that my decision is limited to the facts alleged in the Petition. I express no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future, but nothing in this Opinion and Order shall be construed to prevent him from making the argument.